Jose Colon **TORRES** et al., Plaintiffs,

v.

**PUERTO RICO JUNIOR COLLEGE**, Ana
G. Méndez, et al., Defendants.

Civ. No. 144–69.

United States District Court
D. Puerto Rico.

April 18, 1969.

Roberto Jose Maldonado, San Juan,
P. R., Michael Kennedy, New York City,
for plaintiffs.

Francisco Ponsa Feliu, Alberto Pico,
San Juan, P. R., for defendants.

FINDINGS OF FACT AND CON-
CLUSIONS OF LAW

CANCIO, Chief Judge.

The complaint in this case was filed on
February 28, 1969, seeking equitable re-
lief against the defendants for the sus-
pension of six students by the school
authorities of Puerto Rico Junior Col-
lege, a private school belonging to a non
profit organization.  On that same date,
the Court issued a temporary restraining
order enjoining the suspensions until the
date of the hearing, set for March 7,
1960, where defendants were to show
cause why a preliminary injunction
should not be issued.  On March 4, 1969 *
defendants filed a motion to dismiss for
lack of jurisdiction, and argument on
said motion was heard during the hear-
ing held on March 7, 1969.  At the end
of the hearing, the Court granted the
parties until March 13 to file memoranda
on the question of jurisdiction and ex-
tended the restraining order until that
date.  Subsequently, the restraining or-
der was further extended by the Court,
*motu proprio*, until March 15, 1969.

Upon consideration of the memoranda
of the parties, the Court entered an or-
der on March 14, 1969, holding that it
had no jurisdiction in an action against
private individuals or organizations for
alleged violations of constitutional rights
unless the parties defendants were, in
fact, a state agency, its equivalent, or any
entity acting under color of state law.
The Court thereupon set an evidentiary
hearing for March 14, 1969 to receive
evidence by the plaintiffs in support of
their contention that Puerto Rico Junior
College could be considered a state agen-

---

* The motion was erroneously dated February 4 instead of March 4.  This has no bearing on
the issues of the case.

cy, its equivalent, or that it was acting under color of state authority. The hearing was continued until March 18, 1969. With the consent of the defendants, the restraining order was extended until that date.

At the final hearing, the plaintiffs offered oral testimony and documentary evidence for the purpose stated above, and the matter was submitted to the Court for decision.

Upon due consideration of the evidence and the applicable law, the Court makes the following:

### FINDINGS OF FACT

1. Puerto Rico Junior College is a non profit private corporation devoted to education at the college level. It is governed by a self perpetuating board of trustees, none of whom are public officers.

2. The testimony of Mrs. Ana Méndez, President of the College, to which the Court gives full credit, shows that there is no intervention or supervision by the Commonwealth or Federal authorities in the administration or policies of the institution.

3. During the past three years Puerto Rico Junior College received certain funds as grants from the Federal government for plant development and for its regular operations. The following summary, taken from Exhibit A of the defendants, shows the funds received by the College and their relation to the total assets or income of the College.

For Plant Development

| Year | Total Received | Total Assets | % of Total Assets |
|---|---|---|---|
| 1966–67 | $ 97,516.00 | $3,044,567.00 | 3.20% |
| 1967–68 | 135,546.00 | 3,994,631.00 | 3.39% |
| 1968–69 | 85,970.00 (est.) | 4,000,000.00 (est.) | 2.1% (est.) |

For Operations

| Year | Total Received | Total Operation Income | % of Total Income |
|---|---|---|---|
| 1967–68 | 8,670.00(E) | 1,613,094.00 | .5% |
| 1968–69 | 49,000.00(F) | 1,856,102.00 (est.) | 2.6% (est.) |

For Operations (Restricted for Direct Faculty Scholarships)

| Year | Total Received | Total Operation Income | % of Total Income |
|---|---|---|---|
| 1967–68 | 15,000.00 | 1,613,094.00 | 1955% |
| 1968–69 | 24,000.0 | 1,856,102.00 (est.) | 1.6% (est.) |

For Operations (Restricted for Direct Student Aid (Scholarship & Work)

| Year | Total Received | Total Operation Income | % of Total Income |
|---|---|---|---|
| 1965–66 | 10,065.00 | 851,900.00 | 1.18% |
| 1966–67 | 26,470.00 | 1,148,266.00 | 2.31% |
| 1967–68 | 35,454.00 | 1,613,094.00 | 2.10% |
| 1968–69 | 8,100.00 | 1,856,102.00 (est.) | 1.6% (est.) |

4. Puerto Rico Junior College has also received in the past year loans from different Federal sources which are summarized as follows:

Loans Restricted to Students—National Defense Student Loan Program—P. L. 88–329

| Year | Total Received | Total Operation Income | % of Total Income |
|---|---|---|---|
| 1963–64 | 16,679.00 | 442,108.00 | 3.7% |
| 1964–65 | 32,000.00 | 476,857.00 | 6.71% |
| 1965–66 | 44,066.00 | 851,900.00 | 5.17% |
| 1966–67 | 52,375.00 | 1,148,266.00 | 4.56% |
| 1967–68 | 63,044.00 | 1,613,094.00 | 3.91% |
| 1968–69 | 46,522.00 (est.) | 1,856,102.00 (est.) | 2.5% (est.) |

Loans Granted to the Institution

For Plant:

| Year | Total Received | Assets | % of Total |
|---|---|---|---|
| 1966–67 | 750,00.00 | 3,044,567.00 | 24.63% |
| 1967–68 | 175,000.00 | 3,994,631.00 | ----- |

For Operations:

| Year | Total Received | Total Operation Income | % of Total |
|---|---|---|---|
| 1965–66 | 4,768.00 | 851,900.00 | .56% |
| 1966–67 | 5,819.00 | 1,148,266.00 | .51% |
| 1967–68 | 5,169.00 | 1,613,090.00 | .32% |
| 1968–69 | 6,222.00 (est.) | 1,856,102.00 (est.) | .32% (est.) |

———◆———

All the loans referred to in the above summary, have to be repaid according to their terms. They also bear interest, which, as it is to be expected, is lower than the interest charged by private commercial banks. The Federal agencies require an application stating the purpose of the loan and they audit disbursements, to make sure of the application of the funds, but there is no regular supervision or interference with the operation of the school.

5. The students of Puerto Rico Junior College receive scholarships from several agencies of the Commonwealth of Puerto Rico. These scholarships are a direct aid to students. During the year 1967–68 they amounted to $209,141.50, which constitute 12.9% of the total income of the College for that year: $1,613,094. It must be remembered, though, that this aid is to the students and not to the college. There is no evidence of any direct intervention of local government agencies in the management and operation of the school.

6. The school is principally supported by the tuition that it receives from its students. The average number of students in a given year is 2,500 and they pay a tuition of $500 for the regular academic year, not including the summer session, for a total income of $1,250,000.

7. The Superior Educational Council of the University of Puerto Rico is assigned by law to grant accreditation to private schools of higher learning. Puerto Rico Junior College was granted such accreditation in 1958 and there has been no further revision or inspection of the College since that date. According

to the rules of the Council, it may review the accreditation of any private school every ten years.

8. The objectives of the Puerto Rico Junior College concerning service to the community as expressed in Exhibit 3 in evidence are the normal aims of all schools, private or public, and do not bring this College into the category of a government agency or anything of the sort.

## CONCLUSIONS OF LAW

1. The evidence fails to show that Puerto Rico Junior College is either a state or federal agency or is acting under color of state or federal authority. There is neither interference nor supervision by Federal or Commonwealth agencies or officials in the normal functioning of the College. The policies of the school are determined by the trustees, acting as private individuals.

2. There is no showing that the local or the Federal Government have been so involved in the conduct of the College "that its activities are also the activities of these governments and performed under their aegis." Eaton v. Grubbs, 329 F.2d 710, 711 (4 Cir. 1964).

3. The grants and loans received by the College are insubstantial when compared to the total resources of the insitution. It certainly can not be said that these grants and loans are "of such relative magnitude" as to make the school a "State supported institution." Griffin v. State Board of Education, 239 F.Supp. 560, 565 (E.D.Va., 1965).

4. The evidence taken as a whole does not establish, even remotely, that there is governmental involvement of such nature as would justify this Court in holding that Puerto Rico Junior College is either a state or federal agency or is acting under color of state or federal authority and, in the absence of these elements, the Court lacks jurisdiction to entertain the present action.

The complaint is, therefore, ordered dismissed, with costs.